# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

UNITED STATES OF AMERICA                                                    PLAINTIFF

vs.                                               CRIMINAL CASE NO. 3:12CR-36-S

KIPP W. ARMSTRONG                                                   DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on a motion of the United States to require the defendant to undergo involuntary administration of medication (DN 71).

On September, 2012, the defendant entered a plea of guilty pursuant to North Carolina v. Alford, 400 U.S. 25 (1970), to a single count in the Indictment charging him with possession of a firearm by a person who had previously been committed to a mental institution.

He waived his right to the preparation of a Presentence Report, was sentenced to time served, and was placed on supervised release for two (2) years. Standard conditions were imposed, along with special conditions that ordered that he reside for a period of five (5) months in the Dismas House of Louisville, that he participate in community-based mental health treatment, follow medication requirements, and contribute to the costs based upon his ability to pay.

Eight (8) days later, on September 12, 2012, the United States probation officer petitioned the Court for a warrant based on the allegation that on September 11, 2012, the defendant "checked out of his hotel without notifying the probation officer. Mr. Armstrong's whereabouts are unknown." On September 12, 2012, Magistrate Judge Whalin ordered that a warrant issue.

The defendant was arrested, and made his initial appearance on the supervised release violation warrant on September 17, 2012.

On September 19, 2012, the defendant appeared before Magistrate Judge Moyer for a preliminary revocation and detention hearing. He was represented by Federal Defender Scott Wendelsdorf. Judge Moyer, on his own motion, found that there was reasonable cause to believe that Mr. Armstrong was suffering from a mental disease or defect rendering him mentally incompetent within the meaning of 18 U.S.C. § 4241, based upon the defendant's bizarre behavior in Court. Judge Moyer ordered that a psychiatric or psychological examination be conducted and a report prepared thereafter.

Judge Moyer conducted a competency hearing on January 16, 2013. In his comprehensive report (DN 64), Judge Moyer recommended that the defendant be determined mentally incompetent to undergo the proceedings arising from his alleged violation of the terms of his supervised release, and that the defendant be committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d).

On June 7, 2013, this Court entered an order accepting and adopting the recommendations of the magistrate judge (DN 66). This Court ordered that the defendant be committed to the custody of the Attorney General for psychiatric treatment for a reasonable period of time, not to exceed four (4) months, and such additional time as may be ordered, until the defendant's mental condition is so improved that he can effectively participate in the revocation proceedings or until the charges would be disposed of according to law, whichever is earlier. The matter was referred to Magistrate Judge Moyer for monitoring and the reception of additional reports concerning the mental status of the defendant.

On January 22, 2014, a report was filed in the record under seal of a forensic evaluation of the defendant conducted at FMC Butner (DN 69). The officials at FMC Butner concluded the defendant is currently suffering from a mental disease or defect rendering him unable to appreciate the nature and consequences of the proceedings against him and is not able to work with an attorney in his defense. They further opined that there is a substantial probability that the defendant could be restored to competency if treated with psychotropic medication. The report from FMC Butner indicates that the defendant does not believe he is mentally ill, and is strongly opposed to taking psychotropic medication. The officials at FMC Butner, therefore, requested that the Court consider authorizing involuntary administration of appropriate medication to treat the defendant's condition.

It is upon this recommendation that the United States moves for an order requiring the defendant to undergo involuntary administration of medication. The defendant, through his attorney, Federal Defender Scott Wendelsdorf, has objected.

The matter is now appropriately before the Court for a ruling.

The parties agree that the situation should be evaluated by this Court in light of Sell v. United States, 539 U.S. 166 (2003).

There is no doubt that the treatment proposed for the defendant is medically appropriate, substantially unlikely to have side effects that would undermine a fair trial, and that less intrusive alternatives are not available to restore the defendant to mental competence.

In his objection, the defendant raises two specific issues: whether the defendant is facing serious criminal charges, and whether involuntary administration of medication is necessary significantly to further important governmental trial–related interests. 539 U.S. at 179.

The defendant points out, accurately, that these considerations are interrelated in that important governmental interests arise when the government seeks to protect through application of criminal law the basic need for security by bringing to trial an individual accused of a serious crime. Courts are cautioned, however, to consider the facts of the individual case. The defendant argues that he is not facing a serious criminal charge, since his only alleged violation here is the allegation that he violated the terms of his supervised release by failing to notify his probation officer ten (10) days prior to any change in residence, when in fact the defendant checked out of his hotel without notifying the probation officer on September 11, 2012, making his whereabouts unknown.

The defendant then argues that without a serious criminal charge facing him, the government's interests in holding him to account for the alleged supervised release violation does not constitute an important governmental trial-related interest. In making this argument, the defendant acknowledges that he may be facing a lengthy confinement in an institution for the mentally ill if he remains mentally incompetent due to his refusal to take psychotropic medications.

Upon consideration, this Court concludes that the defendant is not facing a criminal charge serious enough to justify forcing him to undergo involuntary administration of medication. In saying this, the Court does not wish to trivialize the alleged supervised release violation. A supervised releasee cannot be supervised, and the safety of the public cannot be insured, if a supervised releasee disappears. The probation officer cannot adequately do his job if a supervised releasee's whereabouts are unknown.

That said, however, the Court concludes that the Grade C violation of which the defendant stands accused simply does not rise to the level which would justify the involuntary

administration of medication over the defendant's strong objections.  The Court does not rely on the defendant's personal objections, which are probably delusional.  Rather, the Court believes that the heavy hand of government, which would be exemplified by the involuntary administration of medication at FMC Butler, is simply not authorized under Supreme Court precedent unless the mentally ill defendant faces serious criminal charges such that important governmental interests in resolving those charges must be recognized.  Here, with an important but nonetheless low level and singular supervised release violation in issue, the Court finds that the involuntary administration of medication is inappropriate.

      A separate order will be entered in conformity herewith.

March 25, 2014

**Charles R. Simpson III, Senior Judge**
**United States District Court**


cc:    United States Attorney
       United States Probation
       Counsel of Record